UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.T. by and through his guardian ad litem DELIA TAPIZ, JUAN TAPIZ, and DELIA TAPIZ<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; MARCO CALDERILLA, in his individual capacity, SAMANTAH DAVIS, in her individual capacity, and DOES 1–10,<br><br>Defendants. | Case No.:  26-cv-1276-AJB-DEB<br><br>**ORDER REGARDING GUARDIAN AD LITEM** |

Plaintiffs initiated this civil rights complaint against Defendants County of San Diego, Marco Calderilla, and Samantha David on February 27, 2026. (Doc. No. 1.) Upon review of the Complaint, it appears that Plaintiff A.T. is a minor whose claims are brought by and through his mother, Delia Tapiz. (*See id.*) However, Plaintiffs have not filed a motion for appointment of a guardian *ad litem*.

Federal Rule of Civil Procedure 17(c)(2) requires that "[t]he court must appoint a guardian *ad litem* . . . to protect a minor or incompetent person who is unrepresented in an action." An individual's capacity to sue is determined by the law of his domicile. Fed. R.

1

Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. The court may appoint a guardian *ad litem* to represent a minor's interests in the litigation. Cal. Code Civ. P. § 372(a).

The Ninth Circuit has stated, "[a]lthough the [district] court has broad discretion and need not appoint a guardian *ad litem* if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.,* 795 F.2d 796, 805 (9th Cir.1986).

The decision whether to appoint a guardian *ad litem* is "normally left to the sound discretion of the trial court," and the main consideration for the district court is protection of the minor's interest. *30.64 Acres of Land*, 795 F.2d at 804–05. In determining whether to appoint a particular guardian *ad litem*, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian *ad litem* who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 49 (2007) (citation and internal quotation marks omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.*

Because the Court is under a legal obligation to consider whether Plaintiff A.T. is adequately protected, the Court **ORDERS** Plaintiffs to, in writing, address whether A.T. may adequately represent himself in this action. If A.T. is a minor, appointment of a guardian is necessary to protect his interests. *See* Cal. Fam. Code § 6601 ("A minor may enforce the minor's rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings."). Thus, Plaintiffs must move to appoint a guardian *ad litem*. Any motion to appoint a guardian *ad litem* must

26-cv-1276-AJB-DEB

address any potential conflicts of interest. *See J. T. v. Antioch Unified Sch. Dist.*, No. 18-CV-02992-EMC, 2018 WL 4334603 (N.D. Cal. Sept. 11, 2018) (discussing potential conflicts of interest when a guardian *ad litem* asserts claims on her own behalf). Plaintiffs must respond to this order by no later than **March 27, 2026**.

   **IT IS SO ORDERED.**

Dated:  March 12, 2026

Hon. Anthony J. Battaglia
United States District Judge

3

26-cv-1276-AJB-DEB